### (May 5, 1975)

■ BARRY BEILINSON, an Infant, by His Mother and Natural Guardian, SONDRA BEILINSON, et al., Appellants, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, plaintiffs appeal, as limited

by their brief, from so much of an order of the Supreme Court, Nassau County, dated December 16, 1974, as, after conditionally granting their motion to dismiss the answer by reason of defendant's failure to comply with a notice of discovery and inspection as to Items Nos. 1 and 3 thereof, denied the motion with respect to Item No. 2 on the ground of privilege. Matter remitted to Special Term for the taking of further evidence on the issue of defendant's alleged operation of a vocational rehabilitation program at the Greentree School and of David Glasco, Jr.'s enrollment therein. Appeal held in abeyance in the interim. Section 1007 of the Education Law provides, in pertinent part, that "It shall be unlawful, except for purposes directly connected with the administration of the vocational rehabilitation program, for any person * * * to solicit, disclose, receive, or make use of, or authorize, knowingly permit, participate in, or acquiesce in the use of * * * any information concerning, persons * * * receiving vocational rehabilitation, directly or indirectly derived from the record, papers, files, communications of the state or subdivisions or agencies thereof, or acquired in the course of the performance of official duties without the consent of * * * such * * * recipient." Accordingly, if it be established that the infant Glasco is a student enrolled in such a program, it follows that his records constitute privileged matter which may not be disclosed (CPLR 3101, subd [b]). Gulotta, P J., Rabin, Hopkins, Martuscello and Shapiro, JJ., concur.